**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHUBB NATIONAL INSURANCE COMPANY and FEDERAL INSURANCE COMPANY, | : : : : : | CIV. A. NO. 2:22-CV-01042 |
| Plaintiffs, | : : | |
| v. | : : | |
| JONATHAN D'CUNHA, M.D., Ph.D., | : : : | |
| Defendant. | : : : | |
| _____ | : : | |
| DR. JONATHAN D'CUNHA, | : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| TRI-CENTURY INSURANCE COMPANY, et al., | : : : : | |
| Third-Party Defendants. | : : | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Chubb National Insurance Company and Federal Insurance Company (together, "Chubb"), file this First Amended Complaint for Declaratory Judgment against Defendant, Jonathan D'Cunha, M.D., Ph.D. ("D'Cunha"), and aver as follows:

**INTRODUCTION**

1.      Chubb seeks a declaration that it has no duty to defend or indemnify D'Cunha under a series of insurance policies (the "Chubb Policies," as defined more fully below) that Chubb issued to D'Cunha in connection with a third-party complaint (the "Underlying Complaint") filed by James D. Luketich, M.D., FACS ("Luketich") against D'Cunha in the

action captioned *Fedorka v. University of Pittsburgh Medical Center, et. al.*, Case No. 18-017117, Court of Common Pleas of Allegheny County, Pennsylvania (the "Underlying Action").

2. Chubb also seeks a declaration that, because it has no duty to defend or indemnify D'Cunha under the Chubb Policies, Chubb may withdraw the defense it has offered and been providing to D'Cunha in the Underlying Action, which defense has been provided subject to a reservation of rights.

3. In the Underlying Complaint, Luketich seeks damages related to injuries allegedly sustained as a result of a conspiracy between D'Cunha and co-defendant Dr. Lara Schaheen ("Schaheen"), who allegedly surveilled, captured, distorted and disseminated private, privileged communications in violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act. *See* Underlying Compl. ¶¶ 232-33. A true and correct copy of the Underlying Complaint is attached as Exhibit "A."

4. The Underlying Complaint also asserts that D'Cunha stole HIPPA-protected personal health information and medical records of dozens of University of Pittsburgh Medical Center ("UPMC") patients, which were then disseminated to attorneys and the federal government. *See id.* ¶ 236.

5. The Chubb Policies do not provide coverage for the claims asserted against D'Cunha in the Underlying Action.

6. The Chubb Policies exclude coverage for any damages arising out of an intentional act or a willful, malicious, fraudulent or dishonest act, even if the injury or damage is of a different degree or type than actually intended or expected.

7. All of the claims asserted against D'Cunha for alleged personal injury relate to injuries allegedly sustained by Luketich arising out of intentional, willful, malicious and/or dishonest acts.

8. There also is no coverage available to D'Cunha under the Chubb Policies because the Chubb Policies exclude coverage for damages arising out of a covered person's business pursuits, and any claim for personal injury asserted by Luketich seeks damages arising out of D'Cunha's business pursuits.

9. For these reasons, discussed in more detail below, there is no coverage available to D'Cunha under the Chubb Policies for the Underlying Action.

10. Accordingly, Chubb is entitled to a declaration that it has no duty to defend or indemnify D'Cunha under the Chubb Policies for the claims asserted against him in the Underlying Complaint.

11. Chubb is also entitled to a declaration that, because it has no duty to defend D'Cunha in the Underlying Action, it may withdraw the defense it has been providing to D'Cunha under a reservation of rights.

## THE PARTIES

12. Chubb National Insurance Company ("Chubb National") is a citizen of Indiana and New Jersey, being a corporation that is incorporated in the State of Indiana, with a principal place of business in the State of New Jersey.

13. Federal Insurance Company ("Federal") is a citizen of Indiana, being a corporation that is incorporated, and maintains a principal place of business, in the State of Indiana.

14. Upon information and belief, D'Cunha is a citizen of Arizona, as a natural person who resides in Phoenix, Arizona.

## JURISDICTION

15. This Court has original jurisdiction over this declaratory judgment action based upon 28 U.S.C. §§ 1332(a) and 2201. There is diversity of citizenship of the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because, among other things, a substantial part of the events giving rise to this claim arose in the Western District of Pennsylvania, and D'Cunha is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

17. Chubb National issued Masterpiece Policy number 13940754-01 to D'Cunha for the policy period October 1, 2017 to October 1, 2018 (the "2017-18 Chubb Primary Policy"). A true and correct copy of the 2017-18 Chubb Primary Policy is attached as Exhibit "B."

18. The 2017-18 Chubb Primary Policy was renewed for the policy period October 1, 2018 to October 1, 2019. A true and correct copy of the renewal policy (the "2018-19 Chubb Primary Policy") is attached as Exhibit "C."

19. The 2018-19 Chubb Primary Policy was renewed for the policy period October 1, 2019 to October 1, 2020. A true and correct copy of the renewal policy (the "2019-20 Chubb Primary Policy") is attached as Exhibit "D."

20. The 2019-20 Chubb Primary Policy was cancelled at D'Cunha's request effective January 15, 2020. A true and correct copy of the Coverage Update reflecting the cancellation is attached as Exhibit "E."

  21. The 2017-18 Chubb Primary Policy, the 2018-19 Chubb Primary Policy and the 2019-20 Chubb Primary Policy (collectively, the "Chubb Primary Policies") contain the following Insuring Agreement:

> We cover damages a covered person is legally obligated to pay for personal injury or property damage which takes place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies. Exclusions to this coverage are described in **Exclusions**.

*See* Chubb Primary Policies, Pennsylvania Personal Liability Coverage, Page T-1.

  22. The Chubb Primary Policies define "personal injury" as the following injuries, and resulting death:

- bodily injury;
- shock, mental anguish or mental injury;
- false arrest, false imprisonment, or wrongful detention;
- wrongful entry or eviction;
- malicious prosecution or humiliation; and
- libel, slander, defamation of character, or invasion of privacy

*See id.*, Page T-2.

  23. The Chubb Primary Policies define "occurrence" as:

> an accident which begins within the policy period resulting in bodily injury, shock, mental anguish, mental injury, or property damage; or
>
> an offense first committed within the policy period resulting in:
>
> - false arrest, false imprisonment, or wrongful detention;
> - wrongful entry or eviction;
> - malicious prosecution or humiliation; or
> - libel, slander, defamation of character, or invasion of privacy,
>
> to which this insurance applies. Continuous and repeated exposure to substantially the same general conditions unless excluded is considered to be one occurrence.

*See id.*, Page T-1.

    24.    The Chubb Primary Policies contain the following "intentional acts" exclusion:

> **Intentional acts.** We do not cover any damages arising out of a willful, malicious, fraudulent or dishonest act or any act intended by any covered person to cause personal injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected. But we do cover such damages if the act was intended to protect people or property unless another exclusion applies. An intentional act is one whose consequences could have been foreseen by a reasonable person. This exclusion does not apply to Employment practices liability coverage.

*See id.*, Page T-12.

    25.    The Chubb Primary Policies also contain a "business pursuits" exclusion, which provides, in relevant part:

> **Business pursuits.** We do not cover any damages arising out of a covered person's business pursuits, investment or other for-profit activities, any of which are conducted on behalf of a covered person or others, or business property.***
>
> We do not cover damages or consequences resulting from business or professional care or services performed or not performed.

*See id.*, Pages T-12 and T-13.

    26.    The Chubb Primary Policies define "business" as "any employment, trade, occupation, profession, or farm operation including the raising or care of animals." *See* Chubb Primary Policies, Introduction, Page A-1.

    27.    Federal issued Masterpiece Excess Liability Policy number 13940754-02 to D'Cunha for the policy period October 1, 2017 to October 1, 2018 (the "2017-18 Chubb Excess Policy"). A true and correct copy of the 2017-18 Chubb Excess Policy is attached as Exhibit "F".

28. The 2017-18 Chubb Excess Policy was renewed for the policy period October 1, 2018 to October 1, 2019. A true and correct copy of the renewal policy (the "2018-19 Chubb Excess Policy") is attached as Exhibit "G."

29. The 2018-19 Chubb Excess Policy was cancelled at D'Cunha's request effective June 18, 2019. A true and correct copy of the Coverage Update reflecting the cancellation is attached as Exhibit "H."

30. The Chubb Excess Policies contain the following insuring agreement:

> We cover damages a covered person is legally obligated to pay for personal injury or property damage, which takes place anytime during the policy period and are caused by an occurrence:
>
> - in excess of damages covered by the underlying insurance; or
>
> - from the first dollar of damage where no underlying insurance is required under this policy and no underlying insurance exists; or
>
> - from the first dollar of damage where underlying insurance is required under this policy but no coverage is provided by the underlying insurance for a particular occurrence, unless stated otherwise or an exclusion applies.

*See* Chubb Excess Policies, Pennsylvania Excess Liability Coverage, Page W-2.

31. The Chubb Excess Policies contain the same definitions of personal injury, occurrence, and business as are contained in the Chubb Primary Policies, and contain an "intentional acts" exclusion that is identical to the exclusion contained in the Chubb Primary Policies. *See* Chubb Excess Policies, Introduction, Page A-1; Pennsylvania Excess Liability Coverage, Page W-11.

32. The Chubb Excess Policies also contain a "business pursuits" exclusion, which provides, in relevant part:

> **Business pursuits**. We do not cover any damages arising out of a covered person's business pursuits, investment or other for-profit-

> activities, any of which are conducted on behalf of a covered person or others, or business property except on a follow form basis.\*\*\*
>
> We do not cover damages or consequences resulting from business or professional care of services performed or not performed.

*See* Chubb Excess Policies, Pennsylvania Excess Liability Coverage, Page W-12.

33. Chubb is defending D'Cunha in the Underlying Action, pursuant to a full and complete reservation of rights, including the right to seek a declaration regarding Chubb's obligations, if any, under the Chubb Primary Policies and the Chubb Excess Policies (collectively, the "Chubb Policies"). A true and correct copy of Chubb's coverage position letter to D'Cunha is attached as Exhibit "I."

34. D'Cunha has accepted Chubb's defense under reservation of rights.

## COUNT I

### DECLARATORY JUDGMENT THAT CHUBB HAS NO DUTY TO DEFEND OR INDEMNIFY D'CUNHA BECAUSE THE INTENTIONAL ACT EXCLUSION PRECLUDES COVERAGE

35. Chubb incorporates the previous paragraphs of this Complaint as if they were fully set forth herein.

36. The Chubb Policies provide coverage for damages a covered person is legally obligated to pay for personal injury or property damage. *See* Chubb Primary Policies, Pennsylvania Personal Liability Coverage, Page T-1; *see also* Chubb Excess Policies, Pennsylvania Excess Liability Coverage, Page W-2.

37. As defined by the Chubb Policies, the Underlying Complaint alleges "personal injury" on the basis of libel, slander, defamation of character, and invasion of privacy.[1]

---

[1] The Underlying Complaint does not seek damages for alleged property damage; bodily injury; shock, mental anguish or mental injury; false arrest, false imprisonment, or wrongful detention; wrongful entry or eviction; or malicious prosecution or humiliation.

38. The "intentional acts" exclusion in the Chubb Policies provides that Chubb does not cover any damages arising out of a willful, malicious, fraudulent or dishonest act. *See* Chubb Primary Policies, Pennsylvania Personal Liability Coverage, Page T-12; *see also* Chubb Excess Policies, Pennsylvania Excess Liability Coverage, Page W-11.

39. The "intentional acts" exclusion in the Chubb Policies also provides that Chubb does not cover any damages arising out of any act intended by any covered person to cause personal injury, even if the injury or damage is of a different degree or type than actually intended or expected. *See id.*

40. The Chubb Policies define an "intentional act" as "one whose consequences could have been foreseen by a reasonable person." *See id.*

41. The Underlying Complaint alleges that D'Cunha illegally surveilled and knowingly and intentionally captured a confidential, privileged consultation between Luketich and his treating physician. *See* Underlying Compl. ¶¶ at 232, 321.

42. The Underlying Complaint alleges that D'Cunha then distorted and illegally disseminated the information, in violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, to make false and defamatory allegations to UPMC, the Pennsylvania Board of Medicine, a competing academic medical center, the United States Attorney's Office, the Federal Bureau of Investigation, private lawyers, and the general public. *See id.* ¶¶ 233, 309, 321.

43. A person violates the Pennsylvania Wiretapping and Electronic Surveillance Control Act when the person:

> (1) ***intentionally*** intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication;

>   (2) *intentionally* discloses or endeavors to disclose to any other person the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or
>
>   (3) *intentionally* uses or endeavors to use the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication.

18 Pa.C.S. § 5703 (emphasis added).

44. The Underlying Complaint also alleges that D'Cunha made these false and defamatory statements with "willful intent to injure," out of spite and malice, and in bad faith. Underlying Compl. ¶¶ 330, 344, 352, 396.

45. All allegations of "personal injury" in the Underlying Complaint are based on willful, malicious and/or intentional acts, which are excluded from coverage under the Chubb Policies.

46. Although Count IV of the Underlying Complaint contains a conclusory allegation of reckless and/or negligent conduct on the part of D'Cunha, the Underlying Complaint does not allege any particular negligent and/or reckless act by D'Cunha; rather, all of D'Cunha's liability-producing acts are alleged to have been intentional, willful and/or malicious. For this reason, the general allegations of reckless and/or negligent conduct do not fall outside the "intentional acts" exclusion.

**WHEREFORE**, Plaintiffs, Chubb National Insurance Company and Federal Insurance Company, respectfully request that the Court:

A.   declare that there is no coverage for the Underlying Action under the Chubb Policies;

B.     declare that Chubb has no duty to defend D'Cunha in the Underlying Action;

C.     declare that Chubb has no duty to indemnify D'Cunha with respect to the Underlying Action;

D.     declare that Chubb may withdraw its defense of D'Cunha in the Underlying Action;

E.     award Chubb its attorneys' fees and costs; and

F.     grant Chubb such other and further relief as may be necessary and appropriate under the circumstances.

## COUNT II

### IN THE ALTERATIVE, DECLARATORY JUDGMENT THAT CHUBB HAS NO DUTY TO DEFEND OR INDEMNIFY D'CUNHA BECAUSE THE BUSINESS PURSUITS EXCLUSION PRECLUDES COVERAGE

47.     Chubb incorporates the previous paragraphs of this Complaint as if they were fully set forth herein.

46.     The Chubb Policies exclude coverage for any damages arising out of a covered person's business pursuits or for-profit-activities.  *See* Chubb Primary Policies, Pennsylvania Personal Liability Coverage, Page T-12 and T-13; *see also* Chubb Excess Policies, Pennsylvania Excess Liability Coverage, Page W-12.

47.     The Chubb Policies define "business" to include any employment, trade, occupation, profession.  *See* Chubb Primary Policies at Introduction, Page A-1; *see also* Chubb Excess Policies at Introduction, Page A-1.

48.     The Underlying Complaint alleges that D'Cunha, a cardiothoracic surgeon at UPMC, conspired to take down Luketich, another cardiothoracic surgeon at UPMC, because D'Cunha believed Luketich was "undermining D'Cunha's leadership of the lung transplant

division," which undermined D'Cunha's professional advancement and threatened his standing at the hospital.  *See* Underlying Compl. ¶¶ 231, 255, 271.

49. The Underlying Complaint also alleges that D'Cunha made false and defamatory statements for the purpose of financial gain.  *See* Underlying Compl. ¶ 330.

50. Pursuant to the terms of the Chubb Policies, there is no coverage for damages arising out of D'Cunha's business pursuits, including his employment with UPMC and his occupation as a cardiothoracic surgeon.

51. Because all of the allegations in the Underlying Complaint against D'Cunha arise out of his business pursuits, the "business pursuits" exclusion bars coverage under the Chubb Policies as to any damages for "personal injury" sought in the Underlying Complaint.

**WHEREFORE**, in the alternative to the relief requested in Count I of this Complaint, Plaintiffs, Chubb National Insurance Company and Federal Insurance Company, respectfully request that the Court:

A. declare that there is no coverage for the Underlying Action under the Chubb Policies;

B. declare that Chubb has no duty to defend D'Cunha in the Underlying Action;

C. declare that Chubb has no duty to indemnify D'Cunha with respect to the Underlying Action;

D. declare that Chubb may withdraw its defense of D'Cunha in the Underlying Action;

E. award Chubb its attorneys' fees and costs; and

F. grant Chubb such other and further relief as may be necessary and appropriate under the circumstances.

## COUNT III

## IN THE ALTERATIVE, DECLARATORY JUDGMENT THAT CHUBB HAS NO DUTY TO INDEMNIFY D'CUNHA FOR ANY DIRECTLY-ASSESSED PUNITIVE DAMAGES

52. Chubb incorporates the previous paragraphs of this Complaint as if they were fully set forth herein.

53. The Underlying Complaint seeks punitive damages against D'Cunha based on his alleged violation of the Pennsylvania Wiretap Act and civil conspiracy with Schaheen. *See* Underlying Compl. ¶¶ 311, 324 and Wherefore Clause.

54. If punitive damages are awarded, such damages would be directly assessed punitive damages, as they are based on D'Cunha's allegedly wrongful acts.

55. In Pennsylvania, directly assessed punitive damages are not insurable as a matter of public policy.

56. Therefore, there is no coverage for the punitive damages sought in the Underlying Action under the Chubb Policies.

**WHEREFORE**, in the alternative to the relief request in Counts I and II of this Complaint, Plaintiffs, Chubb National Insurance Company and Federal Insurance Company, respectfully request that the Court:

A. declare that Chubb has no duty to indemnify D'Cunha for any award of punitive damages directly assessed against him in the Underlying Action;

B. award Chubb its attorneys' fees and costs; and

C. grant Chubb such other and further relief as may be necessary and appropriate under the circumstances.

WHITE AND WILLIAMS LLP

/s/Paul A. Briganti
Michael O. Kassak
Paul A. Briganti
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
215.864.7000

kassakm@whiteandwilliams.com
brigantip@whiteandwilliams.com

Attorneys for Plaintiffs,
Chubb National Insurance Company and
Federal Insurance Company

Dated: September 20, 2022

29509734v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2022, a copy of the foregoing was served upon all counsel of record via the ECF filing system.

/s/Paul A. Briganti
Paul A. Briganti

29487596v.1